## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **STATE OF RHODE ISLAND** | : | |
| | : | |
| **v.** | : | **No. 1:23-cr-00016-JJM-PAS** |
| | : | |
| **DAMION EVERETT** | : | |
| **COREY JOHNSON** | : | |
| **IRVING (ROCKY) JOHNSON** | : | |

### OBJECTION TO MOTION FOR LEAVE TO FILE UNTIMELY NOTICE
### OF REMOVAL OF CRIMINAL PROSECUTION FOR GOOD CAUSE

The State of Rhode Island objects to Defendants Damion Everett, Corey Johnson, and Irving (Rocky) Johnson's Motion For Leave to File Untimely Notice of Removal of Criminal Prosecution for Good Cause ("Motion for Leave") (Docket Entry No. 2). The Defendants, who seek to remove their three state misdemeanor cases mid-trial, concede that the notice of removal that they filed is untimely but suggest that their failures to file timely notices of removal should be excused for "good cause shown" pursuant to 28 U.S.C. 1455(b)(1). This Court should deny the Defendants' Motion for Leave and enter an order for summary remand for multiple reasons.

### I.  BACKGROUND

On May 17, 2019, the Charlestown, Rhode Island, Police Department filed Criminal Complaint No. 41-2019-01032 in the Rhode Island District Court charging Everett with simple assault, *see* R.I. Gen. Laws § 11-5-3(a), obstructing an officer in the execution of his or her duty, *see* R.I. Gen. Laws § 11-32-1, disturbance of a public assembly, *see* R.I. Gen. Laws § 11-11-1, and disorderly conduct, *see* R.I. Gen. Laws § 11-45-1(a). *See* Docket: 41-2019-01032 at 1-2 (Exhibit 1). Six days later, on May 23, the District Court arraigned Everett on those charges. *See* Docket: 41-2019-01032 at 2. A little less than four weeks after that, on June 20, the District Court transferred Everett's case to the Rhode Island Superior Court at his request and pursuant to Rule

23 of the Rhode Island District Court Rules of Criminal Procedure.[1]  *See* Docket: 41-2019-01032 at 1-2.  The Superior Court docketed Everett's case as W3-2019-0269A.  *See* Docket: W3-2019-0269A (Exhibit 2).

On May 17, 2019, the Charlestown Police Department filed Criminal Complaint No. 41-2019-01036 in the Rhode Island District Court charging defendant Corey Johnson with simple assault, *see* R.I. Gen. Laws § 11-5-3(a), obstructing an officer in the execution of his or her duty, *see* R.I. Gen. Laws § 11-32-1, disturbance of a public assembly, *see* R.I. Gen. Laws § 11-11-1, and disorderly conduct, *see* R.I. Gen. Laws § 11-45-1(a).  *See* Docket: 41-2019-01036 at 1 (Exhibit 3).  Six days later, on May 23, the District Court arraigned Corey Johnson on those charges.  *See* Docket: 41-2019-01036 at 2.  A little less than three weeks after that, on June 13, the District Court transferred Corey Johnson's case to the Rhode Island Superior Court at his request and pursuant to Rule 23 of the Rhode Island District Court Rules of Criminal Procedure.  *See* Docket: 41-2019-

---

[1] Rule 23 of the District Court Rules of Criminal Procedure states as follows:

> A defendant who is charged with an offense which is punishable by imprisonment for a term of more than six (6) months shall be advised by the Court, at the time of the defendant's initial appearance, that the defendant has a right to trial by jury in the first instance, but in the event the defendant chooses to waive that right and to stand trial in the District Court without a jury and is found guilty the defendant is entitled to appeal that judgment to the Superior Court where the defendant will receive a trial de novo before a jury.  The defendant shall also be informed that if within ten (10) days of the date of his or her arraignment the defendant does not file a written waiver of his or her right to a jury trial in the first instance, the proceedings shall be transferred to the Superior Court for trial in that court.  If the defendant files such a waiver the case shall proceed in accordance with these rules.  If the defendant does not file a waiver within ten (10) days of his or her initial appearance before the Court, or if the defendant is allowed, for good cause shown, to withdraw his or her waiver after said ten-day period, the clerk shall transmit the record in the case to the clerk of the Superior Court for the county in which the offense was committed.

*Id.*

01036 at 2.  The Superior Court docketed Corey Johnson's case as W3-2019-0264A.  *See* Docket: W3-2019-0264A (Exhibit 4).

On January 21, 2021, the Charlestown Police Department filed Criminal Complaint No. 41-2021-00087 in the Rhode Island District Court charging defendant Irving Johnson with two counts of simple assault, *see* R.I. Gen. Laws § 11-5-3(a), obstructing an officer in the execution of his or her duty, *see* R.I. Gen. Laws § 11-32-1, disturbance of a public assembly, *see* R.I. Gen. Laws § 11-11-1, and disorderly conduct, *see* R.I. Gen. Laws § 11-45-1(a).[2]  *See* Docket: 41-2021-00087 at 1-2 (Exhibit 5).  That same day, the district court arraigned Irving Johnson on those charges and transferred his case to the Rhode Island Superior Court at his request pursuant to Rule 23 of the District Court Rules of Criminal Procedure.  *See* Docket: 41-2021-00087 at 2.  The Superior Court docketed Irving Johnson's case as W3-2021-0030A.  *See* Docket: W3-2021-0030A (Exhibit 6).

After each defendant waived his right to a jury trial, a joint bench trial commenced on August 11, 2021.  *See* Docket: W3-2019-0264A at 2; Docket: W3-2019-0269A at 2; Docket: W3-2021-0030A at 2.  The State presented its case over the course of various dates in 2021 (August 11, 12, and 26) and 2022 (January 20, February 22, March 8, April 26, May 10, July 28, August 9 and 31, November 3 and 15).  *See* Docket: W3-2019-0264A at 2-5; Docket: W3-2019-0269A at 2-5; Docket: W3-2021-0030A at 2-4.  After the State rested its case on November 15, 2022, the Defendants moved to dismiss the criminal charges pursuant to Rule 29 of the Rhode Island

---

[2] The Charlestown Police Department originally charged Irving Johnson with one count of simple assault, obstructing an officer in the execution of his or her duty, disturbance of a public assembly, and disorderly conduct on May 9, 2019, in Criminal Complaint No. 41-2019-00987.  *See* Motion for Leave at 6 n.3.  After the District Court transferred Irving Johnson's case to the Rhode Island Superior Court pursuant to Rule 23 of the District Court Rules of Criminal Procedure, the State dismissed the charges pursuant to Rule 48(a) of the Superior Court Rules of Criminal Procedure. *See* Motion for Leave at 6 n.3.

Superior Court Rules of Criminal Procedure.[3]  The Superior Court denied the Defendants' motions

on January 20, 2023.  *See* Transcript dated Jan. 20, 2023 (Exhibit 7).

      The Defendants filed a Notice of Removal of Criminal Prosecution ("Notice of Removal"),

*see* Docket Entry No. 1, and this Motion for Leave thirty-three days later, on February 22, 2023.

## II.    ARGUMENT

      "Under 28 U.S.C. § 1443, a defendant may remove to a federal district court a criminal

prosecution initiated in state court if the defendant 'is denied or cannot enforce . . . a right under

any law providing for the equal civil rights of citizens of the United States' in state court." *State

v. Weber*, 665 F. App'x 848, 850 (11th Cir. 2016) (quoting 28 U.S.C. § 1443(1)).   The

circumstances in which a criminal defendant may do so, however, are "rare." *New Hampshire v.

Woodham*, No. 21-cr-128-JL, 2022 WL 1432069, at *1 (D.N.H. April 6, 2022) (Report &

Recommendation) (quoting *New Hampshire v. Strahan*, No. 17-cr-183-JL, 2017 WL 6949513, at

*1 (D.N.H. Dec. 19, 2017) (Report & Recommendation)).

      "'Federal courts are courts of limited jurisdiction, and . . . may exercise only the authority

granted to them by Congress." *Massachusetts v. Azubuko*, 616 F. Supp. 2d 174, 175 (D. Mass.

2009) (quoting *Massachusetts v. Andrus*, 594 F.2d 872, 887 (1st Cir. 1979)).    "A party seeking

to remove a case to federal court has the burden of demonstrating the existence of federal

jurisdiction." *Id.*  "It is well settled that the removal statutes must be strictly construed; a federal

court may encroach upon a state court's right to hear and determine cases properly brought in a

state forum only in fidelity to the express authority granted by Congress." *Gorman v. Abbott Labs.*,

---

[3] Rule 29 of the Superior Court Rules of Criminal Procedures governs the filings of motions for
judgments of acquittal and motions to dismiss.  R.I.R. Crim. P. 29.  Rule 29(b) states as follows:
"In a case tried without a jury, a motion to dismiss may be filed at the close of the State's case to
challenge the legal sufficiency of the State's trial evidence."  R.I.R. Crim. P. 29(b).

629 F. Supp. 1196, 1198 (D.R.I. 1986); *Massachusetts v. Libertad*, No. 22-10131-DJC, 2022 WL 479799, at \*1 (D. Mass. Feb. 16, 2022); *see also Azubuko*, 616 F. Supp. 2d at 175 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S. Ct. 868 (1941); *Danca v. Private Health Care Sys., Inc.*, 185 F.3d 1, 4 (1st Cir. 1999)).

The procedural requirements for removing a state criminal case to federal court are set forth in 28 U.S.C. § 1455.  Section 1455(b)(1) includes a thirty-day time limit for removal:

> A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

18 U.S.C. § 1455(b)(1).  "'[The] statutory procedures for removal are to be strictly construed.'" *Woodham*, 2022 WL 1432069, at \*2 (quoting *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32, 123 S. Ct. 366 (2002)).

This Court should deny the Defendants' Motion for Leave for two reasons.  First, the Defendants have not shown "good cause" for their failure to notice the removal of their state criminal cases to federal court within thirty days of their respective arraignments in accordance with 28 U.S.C. § 1455(b)(1).  Second, the Defendants have not shown that their cases are within this court's federal removal jurisdiction in accordance with 28 U.S.C. § 1443.

## A.     TIMELINESS OF NOTICE OF REMOVAL

This Court should deny the Defendants' Motion for Leave and enter an order for summary remand because the Notice of Removal is untimely.  The Defendants concede—as they must— that they did not seek to remove their state criminal cases to federal court until "well past the thirty (30) day post-arraignment period prescribed" in 28 U.S.C. § 1455(b)(1).  Motion for Leave at 1-2.  Under § 1455(b)(1), the Defendants were required to notice the removal of their cases within thirty days of their arraignments in state court, meaning that Defendants Everett and Corey

Johnson, who were each arraigned in state court on May 23, 2019, *see* Docket: 41-2019-01032 at 2; Docket: 41-2019-01036 at 2, had to file notices of removal on or before June 24, 2019,[4] and defendant Irving Johnson, who was arraigned in state court on January 21, 2021, *see* Docket: 41-2021-00087 at 2, had to file a notice of removal on or before February 22, 2021.[5]

The Defendants have not shown good cause for why they failed to timely notice the removal of their respective criminal cases to federal court. The Defendants assert "that good cause for the delay"—in the case of Everett and Corey Johnson, a delay of three years and almost eight months, and, in the case of Irving Johnson, a delay of two years—exists because "the grounds for removal did not arise until January 20, 2023 when the Hon. Rhode Island Superior Court Associate Justice Melanie [Wilk] Thunberg denied Defendants' Rule 29(b) Motion to Dismiss this matter or remove it to Tribal Court." Motion for Leave at 2. This Court should deny this claim for at least two reasons.

First, the Defendants assert that they are entitled to remove their criminal cases to federal court because their rights under the Indian Civil Rights Act ("ICRA"), *see* 25 U.S.C. § 1301 et seq., "will continue to be violated." Motion for Leave at 1. The Defendants offer no explanation as to why they could not have known about the alleged violations of ICRA until the Superior Court issued its decision on January 20, 2023, however. There is no obvious link between the Superior Court's decision and the Defendants' ICRA claim insofar as the Rhode Island Superior Court did not address the Defendants' ICRA claim and its decision only addressed the sufficiency of the evidence that the State presented during its case-in-chief. *See* R.I.R. Crim. P. 29(b).

---

[4] The thirtieth day after Everett's and Corey Johnson's arraignments was Saturday, June 22, 2019.

[5] The thirtieth day after Irving Johnson's arraignment was Saturday, February 20, 2021.

Second, the Defendants' ICRA claim undercuts any suggestion that the Defendants could not have identified the substantive basis for removal prior to January 20, 2023.  The Defendants assert that ICRA "establishes that a tribal government may not 'deny to any person within its jurisdiction the equal protection of its laws or deprive any person of liberty or property without due process of law.'"  Notice of Removal at 2.  The Defendants' claim that the deprivation of their rights under ICRA "manifests in two ways:  1) the internal Tribal governance issues underlying this criminal prosecution have resulted in a severe violation of Defendants' due process rights by the executive branch of Tribal Government; and 2) continued prosecution in state court effectively weakens the only appropriate arbiter of the facts and law pertinent to Defendants' ICRA claims – the Tribal Court."  Notice of Removal at 2.

The Defendants fail to explain why they could not have discovered the "internal Tribal governance issues" that they suggest gave rise to their prosecutions within thirty days of arraignment.  The Notice of Removal and the Motion for Leave suggest that they could and should have.  The Defendants assert that the events giving rise to their due process claims, and certainly to the criminal charges in this case, took place between January and April 2019, and add that "the clouds portending the perfect storm of constitutional violations have been gathering for years." *See* Notice of Removal at 3-8 (¶¶ 4-38); Motion for Leave at 8-9.  The Defendants also seem to suggest that the violations of their due process rights under ICRA were discussed in a Tribal Court memorandum from 2019.  *See* Motion for Leave at 7 (stating that, based on the evidence that the State introduced at trial, "the violation of the Defendants' due process rights under ICRA, as described in the Tribal Court memorandum, would enter into the Superior Court's evaluation of the State's case."); Notice of Removal at 3-4, Ex. B.

Finally, and assuming *arguendo* this is grounds for removal, the Defendants offer no explanation for why they could not have discovered that the state court prosecution of the Defendants "effectively weakens the only appropriate arbiter of the facts and law" within thirty days of arraignment or, at the very least, prior to the start of trial in August 2021 or when the State rested its case-in-chief and the Defendants moved to dismiss the criminal charges in November 2022.

In sum, the Defendants have not, and State submits cannot, establish good cause for, in the case of Everett and Corey Johnson, filing a notice of removal three years and almost eight months after the deadline for doing so and, in the case of Irving Johnson, filing a notice of removal two years after the deadline for doing so.  As such, this Court should deny the Defendants' Motion for Leave and, pursuant to 28 U.S.C. § 1455(b)(4), enter an order for summary remand.

## B.   GROUNDS FOR REMOVAL

Assuming *arguendo* that the Defendants could establish good cause for filing the Notice of Removal out-of-time, this Court should deny the Defendants' Motion for Leave and enter an order for summary remand pursuant to 28 U.S.C. § 1455(b)(4) because the Defendants have not articulated a legitimate ground for removal.

Under 28 U.S.C. § 1443(1), a criminal defendant may remove a state criminal case to federal district court if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . ." *Id.*; *see also Weber*, 665 F. App'x at 850; *Delaware v. Hefley*, 403 F. App'x 677, 678 (3d Cir. 2010).  "The two requirements for removal under § 1443(1) are narrow and well-defined."  *Kansas v. Moore*, No. 22-3267-JWL-JPO, 2022 WL 16527457, at *1 (D. Kan. Oct. 28, 2022).  A removal petition filed under this statute "must satisfy the two-prong test developed in *Georgia v. Rachel*, 384 U.S. 780, 792, 794, 86 S. Ct. 1783 (1966)."  *Weber*, 665

F. App'x at 850 (internal parallel citation omitted).  Under this test, a defendant "'must allege that [he or she] has been denied a federal right arising under a specific law or statute protecting racial equality, and that [he or she] cannot enforce [his or her] federal civil rights in state court criminal proceedings.'" *Woodham*, 2022 WL 1432069, at *2 (quoting *Libertad*, 2022 WL 479799, at *2; citing *Johnson v. Mississippi*, 421 U.S. 213, 219, 95 S. Ct. 1591 (1975)); *see also Weber*, 665 F. App'x at 850; *Hefley*, 403 F. App'x at 678; *Florida v. Rosado*, No. 6:18-cv-235-Orl-37DCI, 2018 WL 1320258, at *2 (M.D. Fla. Feb. 22, 2018) (Report & Recommendation).

The Defendants' claim that the continued prosecution of their criminal cases in state court would violate their due process rights under ICRA does not provide a valid basis for removal of their state criminal cases.  ICRA governs criminal proceedings in tribal courts and accords "a range of procedural safeguards to tribal-court defendants 'similar, but not identical, to those contained in the Bill of Rights and the Fourteenth Amendment."  *United States v. Bryant*, 579 U.S. 140, 149, 136 S. Ct. 1954 (2016) (quoting *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 57, 98 S. Ct. 1670 (1978)).  "In addition to other numerical protections, ICRA guarantees 'due process of law.'" *Id.*

No Indian tribe in exercising powers of self-government shall—

\*       \*       \*

(8)     deny to any person within its jurisdiction the equal protection of its laws or deprive any person of liberty or property without due process of law . . . .

25 U.S.C. § 1302(8).

The alleged deprivation of due process rights under ICRA by the Tribal Government almost four years ago does not provide a valid basis for removing the Defendants' criminal cases under 28 U.S.C. § 1443(1).  The Defendants do not appear to assert that the continued trial of their criminal cases in state court violate their rights to racial equality.  *See*, *e.g.*, *Weber*, 665 F. App'x at 851; *Woodham*, 2022 WL 1432069, at *2; *Aiwohi v. Hawaii*, No. 20-00488 JAO-RT, 2020 WL

6743801, at *3 (D. Haw. Nov. 17, 2020).  Moreover, it is well settled that claims that criminal prosecutions violate various constitutional provisions that are not based on alleged "violations of racial equity" are not sufficient to support removal.  *Weber*, 665 F. App'x at 851.  "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Johnson*, 421 U.S. at 219; *see also Weber*, 665 F. App'x at 851.

The Defendants also fail to allege that they cannot enforce their due process rights in state court.  *See Johnson*, 421 U.S. at 219; *Woodham*, 2022 WL 1432069, at *2; *Libertad*, 2022 WL 479799, at *2.  The Defendants acknowledge, as they must, that "[s]tate and federal law clearly provide that Tribal lands 'shall be subject to the civil and criminal laws of the state of Rhode Island.'"  Motion for Leave at 2; *see also Narragansett Indian Tribe v. Rhode Island*, 449 F.3d 16, 18-21 (1st Cir. 2006).  They also acknowledge—despite their claim that the continued prosecution in state court will violate their due process rights—that the Rhode Island Superior Court lacked the authority to transfer their cases to Tribal Court.  *See* Motion for Leave at 2 ("There is no provision or case law that Defendants have found however, that explicitly authorizes a Rhode Island state judicial official to remove or remand a case to Tribal Court.").  In other words, the Defendants apparently accept that the Superior Court properly exercised jurisdiction over their criminal cases and denied their requests to transfer or remand their cases to Tribal Court.

Moreover, § 1443(1) "normally requires" that the denial of the defendant's civil rights be "'manifest in a formal expression of state law,' [*Rachel*, 384 U.S. at 803], such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" *Johnson*, 421 U.S. at 219; *see also State v. Haws*, 131 F.3d 1205, 1209-10 (7th Cir. 1997); *Aiwohi*, 2020 WL 6743801, at *3; *Noble v. Wayne County Prosecutor's Office*, No. 14-11033, 2014 WL

1515788, at *3 (E.D. Mich. April 18, 2014).   The Defendants fail to cite a state statute or constitutional provision that they claim has deprived them of their civil rights in state court.  They instead specifically assert that the grounds for delay only arose when the Superior Court denied their motions to dismiss at the conclusion of the State's case-in-chief.  *See* Motion for Leave at 2.

The Defendants do not otherwise suggest that they cannot receive a fair trial in state court. Aside from taking issue with a single evidentiary ruling that the Superior Court made, *see* Notice of Removal at 10,[6] the Defendants do not complain that they have in any way been prevented from adequately defending the charges against them.

Finally, the Defendants do not explain how this Court will be able to do what they claim that the state court cannot—ensure that they receive due process of law *at trial*.  The Defendants say nothing more than that they "seek to address the civil rights violations under ICRA . . . ." Motion for Leave at 3.  Moreover, it is apparent that they may not intend to stay in this Court for long insofar as they intend "eventually to remove the case to Tribal Court where it has always belonged."  Motion for Leave at 3.

---

[6] The Defendants specifically assert the following with respect to the issue of why the Tribal Police Chief made the decision to involve the Charlestown Police Department instead of referring the Defendants to Tribal Court:

> Defendants' ability to explore the issue on cross-examination was severely restricted, as demonstrated when Mr. Rocky Johnson's counsel attempted to question Tribal Police Chief Monroe on whether Tribal Police 'have the authority, legally, to enforce State criminal law.'  The Court sustained the State's objection, on the grounds of 'materiality and relevance,' stating that the line of questioning was 'about the establishment of state jurisdiction . . . of Tribal law according to the Joint Memorandum.'  Trial Tr. 263:19 – 264:16.

Notice of Removal at 10 (¶ 56).

**III.    CONCLUSION**

The Defendants have not and cannot establish "good cause" for the failure to file their Notice of Removal within thirty days of their respective arraignments—Everett and Corey Johnson waited almost three years and eight months and Irving Johnson waited two years.  *See* 28 U.S.C. § 1455(b)(1).  Nor have they established legitimate grounds for removing their state court criminal cases mid-trial to this Court.  *See* 28 U.S.C. § 1443(1).  For these reasons, this Court should deny the Defendants' Motion for Leave and enter an order for summary remand pursuant to 28 U.S.C. § 1455(b)(4).

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its Attorneys,

**PETER F. NERONHA**
**ATTORNEY GENERAL**

/s/ Christopher R. Bush
_____
Christopher R. Bush, #5411
Assistant Attorney General
Office of the Attorney General
150 South Main Street
Providence, RI  02903
Date:  March 9, 2023                                       (401) 274-4400

**CERTIFICATION**

I certify that, on March 9, 2023, I electronically filed and served this objection and that it is available for viewing and downloading from the ECF system.

/s/ Christopher R. Bush
_____

12